**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DESHAWN DEMARCUS HOUSE,

    Petitioner - Appellant,

v.

JEFF LONG; PHIL WEISER, Attorney
General of the State of Colorado,

    Respondents - Appellees.

No. 26-1061
(D.C. No. 1:25-CV-03246-LTB-RTG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

In 2022, a Colorado court convicted Deshawn Demarcus House of several crimes and sentenced him to prison; the Colorado Court of Appeals affirmed the convictions on appeal. In 2023, he challenged the judgment in a 28 U.S.C. § 2254 habeas application. The district court denied the application in May 2025. In October 2025, Mr. House filed another § 2254 application. Concluding that the latest application was an unauthorized second or successive one, the district court dismissed it for lack of jurisdiction.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. House wishes to appeal the dismissal,[1] but he can appeal only if we grant a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A).

The district court resolved Mr. House's motion on procedural grounds. And so Mr. House can obtain a COA only if he shows that reasonable jurists could debate both whether he stated a valid constitutional claim and whether the district court's procedural rulings were correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only consider the district court's procedural rulings. *See id.* at 485.

Mr. House's § 2254 application asserted several constitutional challenges against his convictions, including speedy trial violations, due process violations related to prosecutorial misconduct, ineffective assistance of counsel, and First Amendment and self-representation violations. The district court correctly treated these arguments as unauthorized second or successive habeas claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). The court's decision to dismiss those arguments for lack of jurisdiction is beyond debate. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Mr. House does not directly challenge the district court's procedural ruling, though he does state that his district court challenges were to the integrity of his first habeas proceeding, implying that his application was properly characterized as a motion under Fed. R. Civ. P. 60(b). Despite his belief, the substance and effect of his district court filing is to assert or reassert "a federal basis for relief from his underlying conviction," and, as such, the district court was correct to treat it as an unauthorized

---

[1] Mr. House represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

second or successive habeas application. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez*, 545 U.S. at 538).

We deny Mr. House's application for a COA. We grant his motion to proceed without prepayment of costs or fees, and we deny all other pending motions (Dkt. Nos. 5, 15 & 16). We dismiss this matter.

Entered for the Court

Per Curiam